

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2003

# United Artists v. Warrington

Precedential or Non-Precedential: Precedential

Docket 01-3533

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"United Artists v. Warrington" (2003). *2003 Decisions.* Paper 674.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/674

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed February 25, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3533

UNITED ARTISTS THEATRE CIRCUIT, INC.

v.

THE TOWNSHIP OF WARRINGTON, PA; GERALD B.
ANDERSON; JOSEPH E. LAVIN; DOUGLAS E. SKINNER;
WAYNE S. BULLOCK; KATHERINE M. WATSON

Gerald B. Anderson; Joseph E. Lavin; Douglas E. Skinner;
Wayne S. Bullock; Katherine M. Watson,

Appellants

**SUR PETITION FOR REHEARING**

Present: BECKER, *Chief Judge*, SLOVITER, SCIRICA,
NYGAARD, ALITO, ROTH, McKEE, RENDELL, BARRY,
AMBRO, FUENTES, SMITH and LOURIE,* *Circuit Judges*,
and COWEN,* *Senior Circuit Judge*

(Filed: February 25, 2003)

The petition for rehearing filed by appellee in the above
entitled case having been submitted to the judges who
participated in the decision of the court and to all the other
available circuit judges of the circuit in regular active
service, and no judge who concurred in the decision having
asked for rehearing, and a majority of the circuit judges of
the circuit in regular active service not having voted for

---

* Judges Lourie and Cowen as to panel rehearing only.

rehearing by the court en banc, the petition for rehearing is denied. Judge Nygaard would have granted rehearing en banc. Judge Cowen would have granted panel rehearing.

By the Court,

/s/ Anthony J. Scirica
Circuit Judge

Dated: February 25, 2003

---

**OPINION SUR DENIAL OF REHEARING**

---

NYGAARD, *Circuit Judge*:

I agree with Judge Cowen's persuasive dissent and would grant United Artists' petition for rehearing. I write separately to emphasize the inherent problems with reading *Sacramento v. Lewis* as creating a blanket "shocks the conscience" standard for all substantive due process claims.

*Sacramento v. Lewis* restated the long held precept that only the most egregious official conduct is unconstitutionally arbitrary. 523 U.S. 833, 846 (1998). In addressing the standard for a substantive due process claim, the Court noted that it was "behavior at the [extreme] end of the culpability spectrum that would most probably support a substantive due process claim." *Id.* at 849. The Court considered the deliberate indifference standard as it applied to substantive due process cases and stated that "[d]eliberate indifference that shocks in one environment may not be so patently egregious in another" and that the Constitution demanded an analysis of the circumstances of each case to determine what is conscience-shocking. *Id.* at 850. Specifically, in light of the high speed police chase in the case, the Court considered how the term "deliberate indifference" could be applied in a case where actual deliberation was not practical. *Id.* at 851 and n.11. We have correctly followed this logic and applied this analysis to all cases where state actors had to act with urgency. *See e.g., Brown v. Commonwealth of Pennsylvania*, 2003 U.S. App. LEXIS 953, *13-17 (3d Cir. 2003).

Therefore, in cases where the state actor acts with urgency — where the state actor does not have time to "deliberate"— "shocks the conscience" is a fixed standard, and varying degrees of behavior in different contexts may rise to the conscience shocking level. In this way, the deliberate indifference test survives and may be conscience shocking in one circumstance, but not another.

However, by expanding "shocks the conscience" beyond those non-deliberative circumstances, the test no longer acts to aid the court in determining whether the potentially unconstitutional action of the state actor is excused. Instead, it raises the bar for plaintiffs to state a claim. This case is a perfect example. The District Court here held that there was enough evidence to allow a fact finder to conclude that the Board intentionally penalized the plaintiff because it refused to pay the "impact fee." "If proved the [District Court] believes the monetary motivation of the Board was improper and would constitute a violation of substantive due process." *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 2003 U.S. App. LEXIS 515, * 8 (3d Cir. 2002) (quoting the District Court's August 15, 2001 order). As in the cases where the state actor must act with urgency, the ultimate question is whether the actor's behavior is egregious enough to constitute a due process violation. Those actions carried out with improper motive would be so egregious, so shocking as to violate the Constitution. *See Sacramento*, 523 U.S. at 849. "Conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id*. In this way, there is a distinction between a "shocks the conscience" test and the idea of crossing the threshold of egregiousness (i.e., reaching the conscience-shocking level).

"Shocks the conscience" is useful in due process cases where the actor cannot deliberate. In those situations, exigencies may excuse deliberate indifference. Land use decisions are not made in the heat of the moment without ability to deliberate. Instead, they are (or should be) deliberate decisions made after proper consideration. The appropriate standard, as repeatedly articulated before and after *Lewis* is "improper motive." *See United Artists*, 2003

U.S. App. LEXIS 515 at *18-19 (collecting cases); *id.* at *35-38 (same) (Cowen, J. dissenting); *see also Sacramento*, 523 U.S. at 849 ("Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." (quoting with approval from *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (emphasis in original)).

A ubiquitous "shocks the conscience" test will only create confusion among the district courts, lessen the protection that individuals have against arbitrary government action, and undercut due process. According to the Supreme Court, "after volumes spoken and written with a view to their exposition, the good sense of mankind has at last settled down to this: that [the principles of due process] were intended to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." *Sacramento*, 523 U.S. at 845 (quoting *Hurtado v. California*, 110 U.S. 516, 527 (1884)). Because we should leave settled our case law, both before and after *Sacramento v. Lewis*, and find that the "improper motive" test is the appropriate test here, I would grant United Artists' petition for en banc rehearing.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*